ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| KIRA DAWN GOLDEN<br><br>Apelante<br><br>v.<br><br>CHRISTIAN ERICK MICKELSEN; Y OTROS<br><br>Apelado | TA2026AP00185 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Número: DO2023CV00264<br><br>Sobre: Incumplimiento de contrato |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de marzo de 2026.

Comparece ante esta Curia, la señora Kira Dawn Golden (señora Dawn Golden o parte apelante) y solicita que revoquemos la *Sentencia* que el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario) notificó el 30 de diciembre de 2025.[1] Mediante el referido dictamen, el foro primario declaró *Ha Lugar* las Solicitudes de Sentencia Sumaria presentadas por Christian E. Mickelsen (Mickelsen), James F. Freundlich (Freundlich) y Rafael Ojeda Diez (Ojeda Diez) (en conjunto, parte apelada). En su consecuencia, el TPI desestimó con perjuicio la *Demanda* por incumplimiento de contrato y daños, entre otras causas de acción.

Adelantamos que, por los fundamentos que expondremos a continuación, desestimamos el recurso de epígrafe por falta de jurisdicción. Veamos.

---

[1] Sistema Unificado de Administración y Manejo de Casos (SUMAC TA), Entrada Núm.1, Apéndice pág. 119.

## I.

Los hechos de la presente causa se remontan al 30 de diciembre de 2023, cuando la señora Dawn Golden presentó la *Demanda* de epígrafe en contra de Mickelsen, Freundlich y Ojeda Diez bajo las causales de incumplimiento de contrato, cumplimiento específico, daños y perjuicios contractuales y extracontractuales, y contrato en daño de tercero.[2] En particular, alegó que la parte apelada incurrió en un incumplimiento doloso, con el propósito de no vender el inmueble objeto del *Contrato Preliminar* suscrito y/o venderlo a un tercero, incumpliendo así con el contrato de compraventa en ejecución. Solicitó el cumplimiento específico de la venta, según los términos pactados, y la compensación por los daños y perjuicios, tales como, daño emergente, lucro cesante, daños morales y temeridad.

Tras los codemandados Ojeda Diez, Mickelsen y Freundlich instar sus correspondientes alegaciones responsivas,[3] y finalizado el descubrimiento de prueba, estos promovieron sus respectivos petitorios sumarios.[4] En síntesis, argumentaron que nunca existió un contrato de promesa bilateral de compraventa, ni ningún otro contrato entre el señor Mickelsen y la señora Dawn Golden sobre la compraventa del inmueble. En su consecuencia expusieron que, procedía la desestimación de las causas de acción instadas en su contra.

En respuesta, la señora Dawn Golden se opuso a las referidas mociones dispositivas y allí reiteró que, a su entender, el récord muestra la existencia, perfección y ejecución de una promesa bilateral de compraventa válida y exigible.[5]

---

[2] SUMAC TA, Entrada Núm. 1, Apéndice 1. Cabe mencionar que, la *Demanda* fue objeto de enmienda, el 6 de marzo de 2024. *Íd.*, Apéndice 6.
[3] SUMAC TA, Entrada Núm. 1, Apéndices 21, 27 y 32. Nótese que, el codemandado Ojeda Diez presentó una *Segunda Contestación a Demanda Enmendada,* el 17 de diciembre de 2024. *Íd.*, Apéndice 35.
[4] SUMAC TA, Entrada Núm. 1, Apéndices 76-78.
[5] *Íd.*, Apéndices 85 y 86.

Evaluado lo anterior, el TPI notificó la *Sentencia* impugnada, mediante la cual, declaró *Ha Lugar* las mociones dispositivas pendientes ante sí. En definitiva, determinó que la parte apelante no presentó prueba alguna que sustente sus alegaciones en contra Ojeda Diez, Mickelsen y Freundlich. Fundamentado en lo anterior, el foro primario desestimó sumariamente y con perjuicio la *Demanda Enmendada* y condenó a la parte apelante al pago de $5,000.00, en concepto de honorarios de abogado por temeridad, a favor de cada uno de los codemandados.

En respuesta a la *Reconsideración* que instó la parte apelante, el 20 de enero de 2026, el TPI notificó su *Resolución Interlocutoria* a través de la cual se negó a reconsiderar. Inconforme aun, la señora Dawn Golden insta el recurso de epígrafe ante esta Curia.[6] Implora que revoquemos la *Sentencia* impugnada y que dejemos sin efecto la desestimación de sus causas o, en la alternativa, que determinemos que existen controversias de hechos materiales que impedían la adjudicación sumaria de este asunto.

Poco después, la parte apelante presenta una M*oción explicativa informando problemas técnicos en la radicación electrónica y acreditando presentación oportuna dentro del término jurisdiccional.*[7] En su escrito afirma que, el término jurisdiccional para presentar el recurso de epígrafe venció el 19 de febrero de 2026. Nos explica que, durante el proceso de radicación electrónica mediante la plataforma SUMAC TA, la oficina del representante legal de la parte apelante experimentó problemas técnicos severos de conectividad a internet, ajenos a la voluntad de la parte. Añade que, en aras de salvaguardar el derecho apelativo de su clienta y de cumplir estrictamente con el término jurisdiccional, radicó el

---

[6] Junto al recurso de apelación, la parte apelante solicita autorización para presentar un recurso de 69 páginas. Lo antes, en consideración a que la Regla 16(D) de nuestro Reglamento establece un máximo de 35 páginas cuando el expediente es electrónico.

[7] SUMAC TA, Entradas Núm. 3 y 4. La moción explicativa fue presentada el 20 de febrero de 2026 a las 12:42am.

recurso en la plataforma electrónica del foro primario SUMAC TPI, dentro del término correspondiente.

Por último, aclara que, tan pronto le fue posible estabilizar la conectividad mediante la conexión de internet móvil (*hotspot*) y confirmar la radicación del recurso, procedió de inmediato a preparar y presentar la aludida moción explicativa. Argumenta que, estas circunstancias no se deben considerar como una presentación tardía, tampoco como una omisión jurisdiccional, más bien, como una situación técnica extraordinaria que requirió medidas inmediatas para garantizar la presentación del recurso dentro del plazo correspondiente.

En reacción, el 24 de febrero de 2026, la parte apelada comparece ante nos mediante una *Moción conjunta de desestimación por falta de jurisdicción.*[8] En síntesis plantea que, a pesar de que el SUMAC TPI refleja que el recurso de apelación se presentó ante el foro primario, el 19 de febrero de 2026, la parte apelante no pagó el arancel correspondiente hasta el 20 de febrero de 2026, por lo cual, su presentación es ineficaz.[9] Discute que, la fecha del pago del arancel correspondiente constituye la fecha de presentación del recurso de apelación. Argumenta que, dicha presentación no interrumpió el plazo jurisdiccional. A tales efectos, solicita la desestimación del recurso de epígrafe por haber sido presentado fuera del término jurisdiccional de treinta (30) días.

La parte apelante se opone al petitorio desestimatorio y arguye que estamos ante un problema técnico excepcional de conectividad en la fase final de la presentación del recurso que impidió que SUMAC TA habilitara el pago del arancel. Describe que, luego de intentar cargar el recurso junto a su apéndice en la plataforma

---

[8] SUMAC TA, Entrada Núm. 7.
[9] Con dicha moción se incluyeron el *Comprobante TA* (Anejo 1) con fecha del 20 de febrero de 2026, y el Comprobante TPI (Anejo 2) con fecha del 19 de febrero del mismo año.

SUMAC TA, esta última no procesó la transacción, no generó el comprobante de radicación, no asignó un número de caso y desplegó un "mensaje de error" que le imposibilitó finiquitar la presentación del recurso. Para acreditar lo anterior, hace referencia a una captura de pantalla la cual identificó como Anejo 1 de su escrito en oposición.

Discute que, este asunto no está gobernado por la Regla 14(A) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, más bien, por la Ley Núm. 17 de 11 de marzo de 1915, Ley de Aranceles de Puerto Rico (Ley de Aranceles), 32 LPRA sec. 1484, y por las *Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos Mediante el Sistema Unificado de Manejo y Administración de Casos y el Formulario Interactivo* (Directrices Administrativas).[10] A su entender, conforme a las Secciones XIX, XX y XXI de las citadas Directrices Administrativas, la fecha de presentación en el Tribunal es la fecha del reloj ponchador de la Secretaría o del envío por correo electrónico, aunque el documento sea cargado en SUMAC posteriormente. Añade que, a tenor de la normativa de *Greene y otros v. Biase y otros,* 2025 TSPR 83, resuelto el 21 de agosto de 2025, la nulidad por falta de pago arancelario se activa cuando el error es atribuible a la parte o a su abogado.

Con el beneficio de las posturas de ambas partes, resolvemos.

**II.**

**A. La jurisdicción**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Greene y otros v. Biase y otros,* supra. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una

---

[10] Según la Sección XXIII de las Directrices Administrativas, estas entrarán en vigor el 16 de junio de 2025.

controversia. *Municipio de Río Grande y otro v. Adquisición de Finca 27.661 de la Urbanización Industrial Las Flores, del Término Municipal de Río Grande y otros,* 2025 TSPR 36, resuelto el 4 de abril de 2025. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685 (2024). Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019). De conformidad, los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Greene y otros v. Biase y otros,* supra.

En lo pertinente, un recurso prematuro o tardío adolece del defecto grave e insubsanable de privar de jurisdicción al foro del cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Lo anterior debido a que, ante un recurso prematuro o tardío, el foro revisor no tiene autoridad judicial o administrativa para acogerlo. *Pueblo v. Ríos Nieves,* 209 DPR 264, 274 (2022). Aún más, la desestimación de un recurso tardío priva de manera fatal que el recurso pueda presentarse nuevamente ante cualquier foro. *Íd.* Por ello, cuando un tribunal determina que carece de jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo en atención a las leyes y reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).

Cabe puntualizar que, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible

deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank,* supra*.*

**B. Perfeccionamiento de los recursos ante el Tribunal de Apelaciones**

Nuestro ordenamiento jurídico concede a todo ciudadano el derecho a recurrir de los dictámenes de un organismo inferior, sujeto a las limitaciones legales y reglamentarias, entre ellas, su correcto perfeccionamiento. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585 (2019). De manera que, el cumplimiento con tales disposiciones reglamentarias no puede quedar al arbitrio de las partes o de sus abogados. *Íd.*

Conforme a la Regla 2.1 del Reglamento del Tribunal de Apelaciones, *supra,* tras la implementación del SUMAC al Tribunal de Apelaciones, todos los recursos, escritos y determinaciones judiciales han de presentarse y tramitarse a través de esta plataforma electrónica. La citada reglamentación exceptúa de la presentación electrónica los documentos de una parte por derecho propio; los documentos que, por su naturaleza, por ley o por orden judicial no puedan ser presentados electrónicamente; y los escritos que no puedan presentarse electrónicamente por problemas técnicos asociados a la plataforma electrónica. A esos fines dispone:

> Cónsono con los propósitos de este Reglamento se establece que, a partir de la implementación del Sistema Unificado de Manejo y Administración de Casos (en adelante, SUMAC), todos los recursos y demás escritos, así como las resoluciones y decisiones judiciales, deberán presentarse y tramitarse a través de esta plataforma electrónica o cualquier otra que le sustituya, según autorizada por el Juez Presidente o la Jueza Presidenta del Tribunal Supremo. La presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones. De igual forma, para fines de la presentación electrónica de documentos, una firma electrónica equivaldrá a una firma en manuscrito o de puño y letra.
> Se exceptúa de lo anterior: (1) aquellos documentos que no puedan presentarse electrónicamente mediante el SUMAC por tratarse de una persona litigante que se represente por

derecho propio, hasta tanto se implemente la tecnología necesaria para esto y se tomen las medidas administrativas correspondientes; (2) todo documento u objeto que, por su propia naturaleza, por ley o por orden judicial no pueda presentarse electrónicamente; (3) aquellos documentos que por problemas técnicos asociados a la plataforma electrónica no puedan presentarse electrónicamente. Estos documentos u objetos se presentarán físicamente en la Secretaría del Tribunal de Apelaciones, salvo que por orden judicial o administrativa se disponga de otra manera.

La presentación electrónica de documentos ante el Tribunal de Apelaciones cumplirá con lo dispuesto en las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos mediante el Sistema Unificado de Manejo y Administración de Casos, según enmendadas. Los recursos y demás escritos presentados previo a la implementación del SUMAC continuarán su trámite en papel y permanecerán en sus expedientes físicos originales.

En lo pertinente al procedimiento para formalizar un recurso de apelación, la Regla 14 del Reglamento del Tribunal de Apelaciones, *supra*, establece lo siguiente:

(A) La apelación se formalizará con la presentación del escrito de apelación en la Secretaría del Tribunal de Apelaciones, junto con el arancel correspondiente.

**La fecha del pago de derechos arancelarios, de ser aplicable, constituirá la fecha de presentación de la apelación.** Por lo tanto, la fecha de presentación de la apelación no se retrotraerá a la fecha en que se cargó electrónicamente el documento, de ser distintas. La plataforma electrónica emitirá un comprobante de presentación indicando que el recurso fue cargado al sistema. El comprobante reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta tanto se paguen los derechos arancelarios correspondientes.

Cuando la presentación física del recurso sea necesaria conforme a lo dispuesto en la Regla 2.1 de este Reglamento, la apelación se formalizará con la presentación del original del escrito de apelación en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada, junto con el arancel correspondiente.

(B) De presentarse el original del recurso de apelación de modo físico en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las setenta y dos horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto.

De presentarse el escrito de apelación en formato electrónico mediante el SUMAC, no será necesario que la parte apelante notifique la cubierta o primera página, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, debido a que el SUMAC realizará de modo automático la notificación al tribunal apelado.

(C) Cuando sea necesario presentar el recurso de apelación en la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, la Secretaría del tribunal apelado retendrá una copia del escrito de apelación, sin apéndice, y la parte apelante notificará a la Secretaría del Tribunal de Apelaciones, dentro de las cuarenta y ocho horas siguientes a la presentación del escrito de apelación, el original del escrito con el arancel cancelado, debidamente sellado por la Secretaría de la sede del Tribunal de Primera Instancia, con la fecha y hora de presentación. En este caso, de enviarse por correo, la fecha del depósito del original en el correo se considerará como la de su entrega en la Secretaría del Tribunal de Apelaciones. El término aquí dispuesto será de cumplimiento estricto.

(D) Las mociones y cualesquiera otros escritos posteriores relacionados con el recurso de apelación se presentarán solamente en la Secretaría del Tribunal de Apelaciones. Cuando la presentación electrónica no sea viable, se deberán presentar físicamente en original. En este caso, también podrán enviarse por correo, pero si tuvieren términos jurisdiccionales para su presentación, deberán llegar dentro de dichos términos a la Secretaría del tribunal.

Tales mociones y escritos serán notificados simultáneamente a las partes, y en la moción o escrito se certificará la forma en que se hizo la notificación. Toda comunicación electrónica entre los abogados y las abogadas de las partes, incluida la notificación de escritos presentados al tribunal, así como las comunicaciones entre los abogados y las abogadas de las partes y el tribunal, será realizada a la dirección de correo electrónico de estos y estas que consta en el Registro Único de Abogados y Abogadas (RUA). (Énfasis nuestro).

Surge del comentario a la citada Regla 14 que, tras las enmiendas al Reglamento aprobadas en el año 2025, el inciso (A) de dicha regla fue enmendado para incorporar la presentación de forma electrónica del recurso de apelación a través de SUMAC TA. A esos efectos el comentario aclara que, "la fecha que se considerará propiamente como la fecha de presentación del recurso será la fecha del pago de los derechos arancelarios, cuando esta sea distinta a la

fecha en que se cargaron los documentos al SUMAC. Asimismo, se consigna que la plataforma electrónica emitirá un comprobante de [sic] que se [sic] acredita la presentación exitosa del recurso en la plataforma electrónica, el cual reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta que se concrete el pago de los derechos arancelarios. [...]"

Sobre la obligación de pagar aranceles, recientemente en *Greene y otros v. Biase y otros,* supra, el Alto Foro dictaminó que, es un requisito *sine qua non* para el perfeccionamiento de los recursos apelativos. Añadió que, por virtud de la Ley de Aranceles, *supra,* el recurso que se presente -sin el pago de los aranceles correspondientes- se reputará nulo y se tendrá por no presentado. Ahora bien, el Tribunal Supremo enumeró las siguientes circunstancias como excepciones al pago de aranceles:

1) si la persona es indigente;
2) cuando la deficiencia arancelaria ocurre sin intervención de la parte ni intención de defraudar, sino por inadvertencia de un funcionario judicial, quien acepta por equivocación un escrito sin pago alguno o por una cantidad menor de los aranceles que corresponden; y
3) si el Secretario del tribunal correspondiente instruyó erróneamente a la parte, sin intervención de esta última, colusión o intención de defraudar. (Cita omitida.)
No obstante, toda vez que el error en el pago de aranceles se deba a la parte o su abogado, no se reconocerá excepción alguna, por lo cual el documento será nulo y, en efecto, carecerá de validez. (Cita omitida.)

Con respecto al término para presentar el recurso de apelación, la Regla 13(A) de nuestro Reglamento, *supra,* provee un término jurisdiccional de treinta (30) días, siguientes al archivo en autos de una copia de la notificación del dictamen recurrido. En virtud de lo anterior, si una parte acude al Tribunal de Apelaciones fuera del término jurisdiccional que dispone la Regla 13(A) de nuestro Reglamento, *supra,* su recurso resultaría ser tardío. *Pueblo v. Rivera Ortiz,* supra. Conforme a la Regla 72 de nuestro Reglamento, *supra,* los plazos para presentar los escritos

electrónicamente vencen a las 11:59 de la noche del día correspondiente.

Ante un recurso presentado fuera del término jurisdiccional, el Tribunal de Apelaciones deberá declararse sin jurisdicción y deberá desestimar el recurso instado tardíamente. Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra.* A esos efectos, la citada Regla 83(C) faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. Cabe señalar que, el propósito de las citadas disposiciones reglamentarias es facilitar el acceso y el manejo ante los foros judiciales y garantizar una solución justa, rápida y económica a las partes. *Greene y otros v. Biase y otros,* supra.

**III.**

Resulta fundamental para esta Curia, auscultar nuestra jurisdicción antes de ejercer la función revisora que se nos delegó. En el presente caso, el TPI declaró con lugar los petitorios sumarios de la parte apelada y, en su consecuencia, desestimó con perjuicio y por falta de prueba la *Demanda Enmendada.* El foro primario notificó el referido pronunciamiento, el 30 de diciembre de 2025. Según expusimos en el tracto procesal, el término jurisdiccional para acudir en apelación quedó interrumpido por una solicitud de reconsideración oportunamente instada. A tales efectos, el plazo de treinta (30) días para presentar la apelación comenzó a partir del 20 de enero de 2026, cuando el TPI notificó la *Resolución Interlocutoria* que denegó el petitorio de reconsideración, y venció el 19 de febrero de 2026, a las 11:59 pm.

Surge del *Comprobante de presentación electrónica*, y tal cual lo reconoce la parte apelante, el recurso de apelación aparece registrado en SUMAC TA, el 20 de febrero de 2026, a las 12:19 am. La parte apelante hace constar en su M*oción explicativa informando problemas técnicos en la radicación electrónica y acreditando*

*presentación oportuna dentro del término jurisdiccional* que tuvo dificultades con su conexión a la internet. Añade que, lo antes la obligó a presentar el recurso de epígrafe en la plataforma SUMAC TPI, el 19 de febrero de 2026 a las 11:58 pm y entiende que, con ello, presentó y perfeccionó el recurso de epígrafe dentro del referido término jurisdiccional. Discute no haber incurrido en tardanza ni omisión al ejecutar medidas inmediatas para garantizar la presentación del recurso dentro del plazo correspondiente, ante las mencionadas circunstancias técnicas extraordinarias.

Sin embargo, surge claramente de la Regla 14(A) de nuestro Reglamento, *supra,* que el recurso de apelación no se entiende presentado en SUMAC TA hasta que el arancel correspondiente no haya sido pagado. Según la normativa esbozada, cuando la fecha del pago y la fecha de presentación es distinta, se considerará presentado el recurso en la fecha del pago de los derechos arancelarios. En la causa de epígrafe, ello ocurrió el 20 de febrero de 2026 a las 12:19am.

Se colige de la Regla 2.1 de nuestro Reglamento, *supra,* que tras la implementación del SUMAC TA, todos los recursos ante esta Curia han de presentarse y tramitarse de forma electrónica a través de dicha plataforma, y lo antes equivale a la presentación en la Secretaría del Tribunal de Apelaciones. Apreciamos que la Regla 14(A) mantuvo la posibilidad de presentar un recurso de apelación indistintamente ante el TPI o ante el Tribunal de Apelaciones únicamente cuando el recurso se presenta de manera física y si se cumple alguno de los escenarios excepcionales que dispone la Regla 2.1 de nuestro Reglamento, *supra.* Bajo este escenario extraordinario, también la regla exige el pago del arancel para formalizar su presentación.

Según reconoce la parte apelante, los problemas técnicos que le impidieron presentar su recurso oportunamente en SUMAC TA

son atribuibles a la falta de conectividad a la internet de su representación legal. La captura de pantalla que la parte apelante aneja a su escrito en oposición a la desestimación evidencia que hubo un error en la presentación electrónica del recurso y de su apéndice, sin que ello sea imputable a un problema técnico asociado propiamente a la plataforma SUMAC TA.[11] Nótese que, los problemas técnicos por conectividad no han sido reconocidos por nuestro ordenamiento jurídico ni por la jurisprudencia aplicable como excepciones a la nulidad de los recursos por falta de pago de arancel. *Greene y otros v. Biase y otros,* supra.

Cabe destacar que, la Sección XIX de las Directrices Administrativas claramente dispone que:

> Los problemas asociados al equipo y sistemas del usuario no eximirán del cumplimiento con los términos jurisdiccionales, de estricto cumplimiento o de cualquier índole establecidos en las Reglas de Procedimiento Civil, las Reglas de Procedimiento Criminal, las Reglas para la Administración del Tribunal de Primera Instancia, el Reglamento del Tribunal de Apelaciones de Puerto Rico, el Reglamento del Tribunal Supremo de Puerto Rico, en cualquier legislación aplicable, o por orden judicial. […]

En virtud de lo anterior, el término de treinta (30) días para la parte apelante acudir en apelación ante esta Curia venció el 19 de febrero de 2026, a las 11:59 pm. La Regla 14 del Reglamento del Tribunal de Apelaciones no contempla que un recurso de apelación ante esta Curia pueda formalizarse mediante la presentación electrónica en SUMAC TPI. Lo antes es compatible con que la plataforma SUMAC TPI no habilite el pago del arancel de un recurso de apelación ante el Tribunal de Apelaciones.

En vista de que la presentación del recurso de epígrafe en SUMAC TPI el 19 de febrero de 2026 a las 11:58 pm fue inoficiosa, y que la parte apelante presentó su recurso de forma electrónica en SUMAC TA, con el pago de arancel el 20 de febrero de 2026 a las

---

[11] Véase, Anejo 1 de la *Oposición a: Moción Conjunta de Desestimación por Falta de Jurisdicción.* Entrada 9 en SUMAC TA.

12:19 am, fuera del término jurisdiccional de treinta días que provee nuestro ordenamiento jurídico, declaramos ha lugar el petitorio dispositivo instado por la parte apelada. Colegimos que, la normativa antes expuesta no nos faculta con la autoridad judicial discrecional para extender el referido término de naturaleza jurisdiccional aplicable a la causa ante nos.

**IV**.

Por los fundamentos antes expuestos, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones